NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000482
28-JUN-2012
09:31 AM

NO. CAAP-11-0000482

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KEVIN MEDEIROS, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 11-1-1346)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)


Defendant-Appellant Kevin Medeiros (Kevin) appeals from the Judgment of Conviction and Sentence (Judgment) filed on May 27, 2011, in the Family Court of the First Circuit (Family Court).[1]  Plaintiff-Appellee State of Hawaiʻi (State) charged Medeiros with intentionally or knowingly violating an Order for Protection, in violation of Hawaii Revised Statutes (HRS) § 586-

---

[1] The Honorable Wilson M.N. Loo presided.

11(a) (Supp. 2011).[2/] The Order for Protection had been obtained by Kevin's wife, Genoa K. Medeiros (Genoa), and provided in relevant part:

1.    [Kevin] is prohibited from contacting [Genoa].

. . . .

3.    [Kevin] is prohibited from coming or passing within 100 yards of any residence or place of employment or school of [Genoa]. [Kevin] must not violate this Order even if [Genoa] invites [Kevin] over.

4.    <u>[Kevin] is prohibited from coming or passing within 100 feet of [Genoa] at all other neutral locations. If the parties run into each other, [Kevin] must leave immediately</u>.

. . . .

6.    [Genoa] is prohibited from soliciting or aiding [Kevin] in violating this Order.

(Emphasis added; emphasis in original omitted.) The Order for Protection also provided that "[Kevin] is allowed visitation with the minor children. Visitation arrangements, as well as pickup and/or drop off exchanges shall be conducted by and through [Kevin's] parents . . . and [Genoa]."

After a jury-waived bench trial, the Family Court found Kevin guilty as charged. The Family Court sentenced Kevin to a one-year term of probation and one day of imprisonment, with credit for time served.

I.

On appeal, Kevin contends that the Family Court erred in finding him guilty because there was insufficient evidence to prove that he intentionally or knowingly violated the Order for Protection. We affirm.

_____

[2/] HRS § 586-11(a) provides in relevant part:

(a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.

II.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (block quote format and citation omitted). "It is the province of the jury, not the appellate courts, to determine the credibility of witnesses and the weight of the evidence." State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004).

Based on the applicable standard of review, we conclude that there was sufficient evidence to support the Family Court's guilty verdict. When viewed in the light most favorable to the State, the evidence showed the following:

Kevin and Genoa's three minor children, a two-year-old, a kindergartener, and a first-grader, were with Kevin for the weekend. On Sunday, Genoa texted Kevin's mother that Genoa would be picking up the children that afternoon because the children needed to get ready for school, but Kevin's mother texted back that the children would be "staying here." Because the children did not have their backpacks, Genoa went to their school on Monday with their backpacks and waited in the cafeteria, intending to give the children their backpacks, eat breakfast with them, and take them to class. Genoa did not know that Kevin would be dropping the children off or that he would be walking them to class. Genoa believed that someone else would be dropping off the children because Kevin normally left home at 3:00 a.m. to go the gym and then to work. The children had also told Genoa that when Kevin did drop them off, he would drop them off in front of the school and did not walk them to class.

However, on the Monday in question, Kevin parked the car and walked with the children towards the cafeteria. The children ran to Genoa, and Genoa took them into the cafeteria to

3

eat breakfast. Genoa told Kevin that he could go and that she would "take [the children] from here." Kevin refused to leave and stated that he was taking the children to their classes. From a distance of about two feet, Kevin also told Genoa that from now on, she would only be able to see the children from Friday through Sunday and that he would have the children from Monday through Thursday. When Genoa disputed Kevin's assertion, he replied, "I don't give a shit, I'm taking them, I don't care what you say."

After Genoa ate breakfast with the children, she walked the two school-aged children to their classes. Kevin followed close behind Genoa, within one or two feet, and kept telling her that the children would be staying with him and that he was picking them up from school from now on. He also kept trying to take their two-year-old daughter out of Genoa's hands. Genoa walked back to the car with the two-year-old, but eventually surrendered the child to Kevin so that Kevin would "get away" from Genoa.

Relying on the evidence he presented, Kevin argues that Genoa deliberately caused the encounter with him at the children's school and that there was no substantial evidence that he intentionally or knowingly violated the Order for Protection. However, the Family Court was not required to accept Kevin's version of the events. See State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App.2000) ("Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." (citations omitted)). Viewed in the light most favorable to the State, we conclude that there was substantial evidence to support a finding by the Family Court that Kevin knowingly violated the Order of Protection by failing to leave immediately after he "ran into"

4

Genoa at a neutral location.  Accordingly, we cannot say that the Family Court erred in finding Kevin guilty.

III.

We affirm the May 27, 2011, Judgment of the Family Court.

DATED: Honolulu, Hawai'i, June 28, 2012.

On the briefs:

Scott Stuart Brower
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5